(18 Misc. Rep. 368.)

### FRIEND et al. v. JETTER.

(City Court of New York, General Term. October 30, 1896.)

BROKERS—FALSE REPRESENTATIONS—EVIDENCE.

    False representations by a real-estate agent concerning property of which he was negotiating a sale are not made out by evidence of the purchaser that he relied on such representations, where it appears that he signed the contract of sale after making independent inquiries as to the subject of the alleged representations.

Appeal from trial term.

Action by Bauned Friend and another against Gottlieb Jetter. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

E. J. Myers, for appellant.

David Leventritt, for respondents.

VAN WYCK, C. J. The plaintiffs sue for commissions for negotiating the sale of defendant's real property by exchange for the

house and lot in Willett street of one Greenwald. The defendant, by paragraphs 6 and 7 of his answer, alleges that plaintiffs, at his request, negotiated the transactions in regard to this exchange, and that he "agreed to make an exchange of his property for the said Willett street property, and offered to make an agreement accordingly," but relied upon certain representations made by plaintiffs in reference to the Willett street property, which were false. It appears by the record that plaintiffs' negotiations brought the owner of the Willett street property and the defendant together on the day that plaintiffs' Exhibit A was executed by defendant and such owner. This exhibit, as defendant says it should be read, is as follows:

"New York, June 5, 1894.

"Received from Frank Greenwald $1.00 as deposit on sale of my houses numbers 1590 and 1592 Madison avenue, New York City, for the price of $64,000, subject to a first mortgage of $40,000 at five per cent., and I agree to take in exchange the house No. 52 Willett street for the price of $40,000, subject to a first mortgage of $18,000 at five per cent., and a second mortgage of $8,850 at six per cent., payable every three months, $187.50, with the six per cent.; and the whole amount from the second mortgage must be paid in six years; and I agree to take back a purchase-money mortgage on the houses in Madison avenue of $5,500 on each house at six per cent., and it shall be payable every six months, $200 on each, with six per cent. The contract shall be made in the office of Mr. Himmel, No. —— Chambers St., June 5th, at 1 p. m.                    Gottlieb Jetter.

"Franz Grunwald."

After the execution and delivery of this contract, and upon the same day, the defendant, with his attorney, met Greenwald for the purpose of having a more formal contract drawn up and executed; but at this meeting no other contract was executed, and defendant testified that he then refused to make any other contract, and that Greenwald did not refuse; and says that the grounds of his refusal were, as expressed by him: "I signed the paper [Exhibit A] because I was given to understand that the property [Willett street] brought $3,400 to $3,500, and afterwards I changed my mind because I understood that there were no leases on it. I certainly made that contract because I was given to understand there were leases on that property bringing in a certain income every year; and afterwards, when I found out it was not so, then I refused to carry out the contract." The defendant testified that Greenwald made no statement to him about the leases and rents, and that he was not present when they were made, but that the statements about the leases and rents were made by plaintiffs (the brokers) to him when they offered him the property, and that the only statement he complained of is the statement about the leases and the rent. Thus it appears that the defendant's own contention was that he was perfectly willing to have fully carried out his "agreement to make an exchange of his property for said Willett street property," except for the falsity of the statements made to him by plaintiffs, when they offered him the Willett street property, "that said last-mentioned premises were in possession of tenants who had yearly leases thereon, and that the rents of said property amounted to $3,500 annually." The answer alleges "that the rental of said premises did not exceed $3,200." The defendant

testified that on the day he signed Exhibit A, and before he signed it, he went up to the Willett street house, and saw the tenants. "I asked about the rent, and what rent they [tenants] were paying. I went there and inquired about the rent. They told me what rent they were paying." Although defendant says the tenants told him what rent they were paying, he nowhere testifies what amount of rent they told him they were paying, nor as to what the rents of the premises actually were, nor as to the rental value thereof; hence he has failed to make an issue on his allegation that the rental was not $3,500, and did not exceed $3,200. As to the alleged representation that the premises were in the possession of tenants who had yearly leases, the answer alleges that the premises "were in the possession of tenants under monthly hirings and hirings other than yearly hirings," and the defendant testified that when the plaintiffs offered him the property they stated that it was in possession of tenants under yearly leases; that the owner made no such statement, nor was he present when it was made; and that he (defendant) went up to the house on the day Exhibit A was signed by him, and before it was so signed, to inquire of the tenants about the rents, and says, "I did not inquire whether they had any leases or not, because I thought that part was all right." When he says that he did not inquire about leases because he thought that part was all right, he must be understood as saying that he thought that that part of the alleged representations referring to yearly leases which plaintiffs had made to him when they offered him the property was all right. He testified that when he made this inquiry of the tenants about the rents he found the store of the premises empty, and yet he immediately, on the same day, proceeds to sign Exhibit A, without making any inquiry whatever of the owner or the plaintiffs in reference to the empty store, the yearly leases, or amount of rents. The plaintiffs testified that they made no statement to defendant about leases or rents, and that defendant had not assigned, as the grounds of his refusal to carry out his agreement, that such statements had been made, and were false, but that defendant himself, in reply to the inquiry of his attorney, made at the time of his refusal, if there were any leases on the property, stated that he had been in the building, and knew all about it, and that there were no leases; and this attorney was at the trial, but did not contradict this testimony of the two plaintiffs. The appellant contends that the court, by the charge, took from the jury every question except this one in reference to the false representations as to the leases; but, even so, it was not error. In reading the defendant's testimony in the light of his cross-examination and the allegations of his answer, it appears that the court would have been justified in directing the verdict against him.

Judgment and order affirmed, with costs.