(31 Misc. Rep. 66.)

### WARD v. ZBOROWSKI.

(Supreme Court, Appellate Term. March 16, 1900.)

LEASE—OPTION—REAL-ESTATE BROKER—COMMISSION.

> A real-estate broker, employed to obtain a tenant for hotel property, secured one R., who verbally expressed a willingness to accept a lease in the name of his wife. A memorandum was drawn, providing that the landlord would lease his part of the hotel to R.'s wife for five years at $12,000 a year, payable quarterly in advance; that the lease should be executed at a time and place named, and $5,500 be then paid by R.'s wife. The receipt of $500 was acknowledged by the landlord. The paper was signed by the landlord, by his attorney, and by R.'s wife, by R. as her agent. No lease was executed, nor did R.'s wife offer to execute any. There was no evidence that R. had any authority to act for his wife. *Held*, that the memorandum did not bind R. or his wife, but was, as to them, a mere proposal or option for a lease, and that the broker, having failed to secure a lease or binding agreement for a lease for his principal, could not recover a commission.

Appeal from city court of New York, general term.

Action by Martin J. Ward against Elliott Zborowski. From a judgment in favor of plaintiff, affirmed by the general term of the city court (61 N. Y. Supp. 1151), defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Herbert A. Shipman, for appellant.

S. A. & D. J. Noyes, for respondent.

SCOTT, J. The plaintiff, a real-estate broker, sues for commissions claimed to be due him for finding a tenant for a hotel owned by defendant. The defendant's agent employed plaintiff; saying to him, as plaintiff himself testifies:

"If you can find a party acceptable to me, I will pay you the regular commission,—one per cent. on the gross amount of rental for a five or ten years' lease, on an annual rental of $12,000."

After some ineffectual efforts to obtain a tenant, the plaintiff finally introduced to defendant's agent a man named Rodgers, who expressed himself as desirous of leasing the hotel. He stated, however, that, owing to his own financial situation, he preferred to take the lease in his wife's name as lessee. After some negotiations a paper in the following form was drawn up:

"Memorandum.

"Gedney House. Elliott Zborowski, landlord. Lilian B. Rodgers. Landlord will lease his part of the Gedney House to said Rodgers for the term of five years at the rate of twelve thousand dollars per annum, payable quarterly in advance. The rent for the last quarter to be deposited with him at the time of the signing of the lease to be hereafter prepared and executed, to be held as security for the payment of the said rent. Six per cent. interest to be paid on said deposit; but such deposit to be used in defraying the expenses of regaining the possession of said premises, and all arrears of rent due at that time, in the event of the default by the tenant in complying with the terms of the lease hereinabove mentioned. Said lease to run from the 1st day of October, 1894, and the rent thereon to commence from the first day of November, 1894. The landlord to place steam boiler and the proper connections. [Here follows an enumeration of improvements to be made by the landlord.] The lease to be signed and executed at the office of Herbert A. Shipman on the 25th day of October, 1894, at twelve m.; and the payment of the sum of $5,500 there to be made by the party of the second part. The receipt of $500 on this memorandum is hereby acknowledged by the party of the first part.

"Dated New York, October 2nd, 1894.

     "Elliott Zborowski, by Herbert A. Shipman, His Atty.
     "Lilian B. Rodgers, per Jas. H. Rodgers, Agent."

Mrs. Rodgers never executed the lease, nor, so far as appears, did she ever offer to execute it.

At the close of the plaintiff's case, and again after all the evidence had been received, the defendant moved for a dismissal of the complaint on the grounds that there was no evidence to show the authority of Rodgers to execute on behalf of his wife the memorandum above quoted; that the transaction was not the consummation of a lease, nor a valid, enforceable agreement for the making of one; and that the plaintiff never earned his compensation by procuring a tenant, or a person able and willing to become a tenant, upon the terms prescribed by the defendant. The justice presiding at the trial denied these motions, interpreting the paper as a contract for a lease, which might be enforced to the extent of obtaining damages, if not against Mrs. Rodgers, at least against Mr. Rodgers. In his charge the justice left it to the jury to say whether the memorandum was or was not an agreement on the part of the tenant to execute a lease, and refused the request of the defendant to charge that there was nothing in the memorandum which could be enforced as a covenant on behalf of Mrs. Rodgers to lease or to take the property. The learned justice, in our opinion, misconceived the nature and effect of the memorandum. It was a valid and enforceable agreement on the part of the defendant to execute a lease upon certain conditions, but there is no single word or phrase in it which can be construed as an agreement on the part of the prospective tenant to accept such a lease, or to fulfill the conditions prescribed by the landlord. It was a mere proposal or option for a lease, by which the landlord took nothing, except possibly the right to retain the $500 paid on the making of the memorandum. All that the defendant had done was to produce a person who expressed his willingness to take a lease upon certain conditions, in the name of his wife, but who never fulfilled or offered to fulfill those conditions, even to the extent of executing a valid and enforceable contract to accept a lease. The learned justice erred in holding that this memorandum was a contract which

could be enforced to any extent or in any way against either Mr. or Mrs. Rodgers, for neither of them had agreed to do anything. He also erred in refusing to charge as requested by the defendant; for the case contains no evidence whatever that Mr. Rodgers had any authority to bind his wife in any way respecting the lease. We have examined the authorities cited by the plaintiff to sustain the judgment. In each one of them it appeared that the party sought to be charged had agreed, either by express words or by necessary implication, to do the act, the enforcement of which was decreed. In the present case there is neither an express nor implied agreement on the part of the proposed tenant to do anything at all. We think that the plaintiff failed to comply with the terms of his employment, in that he never procured a tenant, acceptable to defendant, able and willing to lease the hotel on the terms proposed by the landlord. The motion to dismiss the complaint should have been granted, and the refusal to do so was error.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

TRUAX, P. J., concurring.   DUGRO, J., not voting.