### HAYES v. AMMON.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. ASSIGNMENT FOR CREDITORS—CONVEYANCES BY ASSIGNEE—EVIDENCE.

In a suit by an assignee for creditors to set aside a transfer of certain property by the assignor to a creditor, evidence examined, and *held* insufficient to show that the property was delivered to the creditor after the complete execution by delivery to plaintiff of the assignment.

2. SAME—PRESUMPTION.

It cannot be presumed that a delivery of property by an assignor to a creditor was made after executing an assignment for creditors, as a delivery at that time would operate as a fraud upon the assignment.

Appeal from Special Term, New York County.

Action by Alfred Hayes, Jr., as assignee for creditors, etc., against Winifred Ammon and others. From a judgment for plaintiff, defendant Ammon appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles Goldzier, for appellant.

John P. Murray, for respondent.

VAN BRUNT, P. J. This action was brought to set aside a transfer of certain property made by the plaintiff's assignors, upon the ground that such transfer was made with the intent to create a

preference, and after the assignment to the plaintiff was made. The complaint alleges, in substance, that on January 2, 1900, the defendants Henry A. Seymour, Frederick W. Johnson, and David Webster organized a limited partnership, in which Seymour and Johnson were the general partners, and Webster was the special partner; that on the 28th day of May, 1900, Seymour and Johnson executed a general assignment for the benefit of creditors to the plaintiff, Hayes, who duly qualified; that, at or about or subsequently to the execution of the assignment, the defendant Seymour transferred and delivered to the defendant Ammon, a creditor of the firm, certain property in said complaint named, belonging to said firm, or one of the general partners; that said firm was then insolvent, and known so to be by the defendants; and that said transfer was made for the purpose of giving a preference to the defendant Ammon over the other creditors. Judgment is demanded for the setting aside of the said transfer, and a recovery of the property or its proceeds.

It seems to be conceded upon this appeal that there was a sufficient consideration for the transfer, and that it was valid, unless the same was made after the execution of the assignment to the plaintiff. Even if this concession were not made, the evidence clearly shows that the money was advanced upon the Friday upon the distinct understanding that the same was to be repaid upon the Saturday or Monday following, or security given therefor, and that it was in pursuance of this agreement, upon the faith of which the money was advanced, that the property in question was delivered to the defendant Ammon on the Monday following. The only question that seems to have been litigated was whether the property was delivered before or after the execution of the assignment.

In the evidence there seems to be considerable confusion, arising from the fact that "signing" and "execution" seem sometimes to be used as synonymous terms, which they are not. Execution implies complete execution—signing, sealing, and delivery—whereas signing implies only one of the steps towards execution.

The evidence shows that the defendant Ammon learned of the fact that the firm would have to make an assignment on Sunday, May 27th, and that she went early on the Monday morning following to Mr. Johnson's house to see what could be done about the payment of the loan, or the giving of security therefor, as promised at the time the loan was made. She and Johnson arrived at Johnson & Seymour's office at about a quarter to 9, and Seymour came in later. Seymour and the defendant Ammon went to the bank, and as soon as the bank opened they tried to get a check of the firm cashed for the amount of the loan. While they were gone, the defendant Johnson says he signed and delivered the assignment to the plaintiff, the assignee therein named. The defendant Johnson testifies that he met Seymour and the defendant Ammon at the bank, and seems to have left them there. He also testifies that he signed and delivered the assignment to the plaintiff before he went to the bank. Seymour and the defendant Ammon, after their unsuccessful attempt to get the check cashed, returned to the office, and shortly after Seymour gave to the defendant Ammon a check and cotton cer-

tificates to the amount of $7,700. Johnson testifies that Seymour had signed the assignment before he said to the defendant Ammon, "Here is $7,700," which remark was made immediately after handing the cotton certificates and check. The plaintiff testifies that the defendant Johnson signed and delivered the assignment at about five minutes to 10, Seymour not being in the office at the time, and that Seymour came in and executed the assignment something more than half an hour later. By "execution" it is apparent that the witness meant "signed," as he subsequently says, "Mr. Seymour delivered the assignment to me," but does not say that such delivery was simultaneous with the signing, or immediately after. In another part of his testimony he says that the assignment was executed and delivered not later than half past 10—another indication that, where the witness speaks of execution, he meant only the act of signing. Mr. Seymour testified, "I think that I gave Mrs. Ammon the cotton receipts after I signed that paper;" referring to the assignment. He says that it was about half past 10 for him when the receipts were given; that the notary was in the office at the time, but he does not know whether the plaintiff had signed the assignment at that time, or when it was acknowledged by any of the parties.

There is therefore no evidence that this delivery of securities and check to the defendant Ammon was made after the complete execution of the assignment, by delivery to the plaintiff; and it would seem, therefore, that there was no evidence to invalidate the title of the defendant Ammon. A delivery of the property after the assignment had become operative would have been a fraud upon the assignment, and no presumptions can be indulged in that such fraud has been perpetrated. In this condition of the evidence, the court was not justified in holding that an improper preference had been given.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.