SEIDMAN et al. v. RAUNER.

(Supreme Court, Appellate Term. June 28, 1906.)

1. VENDOR AND PURCHASER—REQUISITES OF CONTRACT.

A memorandum, signed by a purchaser therein named, read as follows: "R. sells to K." certain property. "Selling price $29,800, on which Mr. K. lets $25 deposit. There is at present" a certain described mortgage. "Second mortgage * * * to run" until a certain date. "Contract to take place" at a fixed place and time, and a certain sum "to be paid on contract. Brokers * * * are S. and L." Held, at most, an option, and not an enforceable contract.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 3.]

2. BROKERS—COMPENSATION—DEFAULT OF PRINCIPAL.

Where a purchaser of lands secured by a broker is able and willing to enter into an enforceable contract in accordance with an agreement with the seller, the seller cannot defeat the broker's claim to commissions by refusing to join in the execution.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 94, 96.]

3. SAME—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where, in an action by a real estate broker for his compensation for securing a purchaser, it appeared that a memorandum as to the purchase had been made between the principal and a purchaser, calling for the execution of a completed contract at a specified time and place, evidence was admissible as to what occurred at such time and place, showing that the nonexecution of the contract was due to the principal.

**4. SAME—SUFFICIENCY.**
    In an action by a broker for his commissions for securing a purchaser, evidence examined, and *held* sufficient to take to the jury the question whether the failure of the consummation of the sale was owing to the default of the principal.

Appeal from City Court of New York, Trial Term.

Action by William Seidman and another against Henrietta Rauner. From a judgment in favor of defendant, plaintiffs appeal. Reversed and remanded.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

William H. Chorosh, for appellants.

Adolph J. Cohn (Clarence M. Lewis, of counsel), for respondent.

LEVENTRITT, J.   The plaintiffs sue to recover brokers' commissions for effecting the sale of real estate. The trial resulted in a dismissal of the complaint. There was concededly proof of employment. The dismissal rested solely on the ground that the plaintiffs failed to prove performance; that is, the production by them of a party ready, willing, and able to purchase the defendant's property. After negotiations, which had been conducted by the plaintiffs, the defendant, on December 7, 1905, agreed upon the terms of sale with one Kurzman, accepted him as a purchaser, received the agreed deposit, and signed and delivered to him the following preliminary memorandum:

"New York, December 7th. 1905.

"Mrs. Henrietta Rauner sells to Mr. J. Kurzman house 231 West 121st street, twelve rooms and bath on floor lot twenty-five by one hundred. Selling price $29,800. on which Mr. Kurzman lets $25.00 deposit. There is at present first mortgage $20,000.00 running until 1907, August. Second mortgage $4,500.-00 to run until August 1907. Contract to take place at Adolph J. Kohn, December 11th, at 4 p. m., 198 Broadway. $725.00 to be paid on contract. Brokers in said transactions are William Seidman and Michael Levy.

"Henrietta Rauner."

Kurzman and his attorney, as also the parties to the action, attended at the appointed time and place for the purpose of executing a formal contract, which, however, was not executed. The plaintiffs attempted to prove by their own testimony and that of Kurzman what transpired on that occasion, but their efforts were unsuccessful, owing to the rulings of the court. They did succeed, however, in introducing the testimony of Kurzman's attorney on that subject.

The memorandum quoted was nothing more than an option, certainly not an enforceable contract. If the plaintiffs had claimed that upon the execution and delivery of that memorandum they earned their commissions, and had tried the case on that theory, they could not have succeeded, and a dismissal would have been proper. Benedict v. Pincus, 109 App. Div. 20, 95 N. Y. Supp. 1042; Ward v. Zborowski, 31 Misc. Rep. 66, 63 N. Y. Supp. 219. But if, in addition to an agreement fixing the terms of purchase, they rested their right of recovery upon the willingness of Kurzman and the refusal of the defendant to execute a formal contract on December 11th, upon proof thereof they would have been secure against dismissal. Friend v. Jetter, 18 Misc. Rep. 368, 41 N. Y. Supp. 560, affirmed 19 Misc. Rep. 101, 43 N. Y.

Supp. 287. If the customer is ready and willing at a specified time and place to enter into an enforceable contract embodying the terms agreed upon, assuming that he is able to carry it out, the principal cannot defeat a broker's claim to commissions by refusing to join in the execution The plaintiffs contend, and attempted to prove, that this was just what occurred in this case. Upon the examination of each of the plaintiffs and of Kurzman, a number of questions were asked calling directly for the occurrences of the meeting of December 11th, with the obvious purpose of showing that the nonexecution of the contract was due solely to the refusal of the defendant. Upon objection that testimony was excluded. This was error.

Notwithstanding that exclusion the facts proven were sufficient to carry the case to the jury. Kurzman's attorney was allowed to, and did, testify that on the occasion in question Kurzman expressed his willingness to execute a contract pursuant to the terms of the preliminary memorandum, but that the defendant would not sign such a contract, because the mortgage did not run as long as was stipulated in the memorandum. If the defendant had not misrepresented the terms of the mortgage, the contract would have been executed. Through her misrepresentations the transaction was defeated. By the dismissal of the complaint, therefore, the plaintiffs are made to suffer the consequences of the defendant's misrepresentations. The motion to dismiss should have been denied.

The record discloses other erroneous rulings, notably the exclusion of evidence bearing upon the ability of the purchaser to complete the transaction.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.