(51 Misc. Rep. 422.)

WARD et al. v. KENNEDY et al.

(Supreme Court, Trial Term, New York County. September, 1906.)

BROKERS—RIGHT TO COMMISSIONS.

    Where plaintiffs were employed to sell a hotel on certain terms, and obtained a purchaser on condition that the vendor's landlords would consent to assign their leases, and the landlords refused so to do, wherefore the sale was not made, they were not entitled to their commissions.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 71, 72, 91.]

Action by Martin J. Ward and others against John W. Kennedy and others to recover compensation for sale of defendant's hotel. Judgment for defendants.

D. C. Myers, for plaintiffs.
A. J. C. Eustace, for defendants.

BLANCHARD, J. This is an action to recover commissions claimed to be due to the plaintiffs for services rendered as brokers in negotiations for the sale of the defendants' hotel. The contract between the plaintiffs and defendants, which was completed by correspondence, shows that the plaintiffs were employed to complete a sale by which the defendants should "receive $35,000 net" for their hotel. Through the efforts of the plaintiffs a contract of purchase and sale was effected between one Foor and the defendants, which contained, however, a provision that "the fulfillment of this agreement on the part of the party of the second part (viz., Foor) shall be conditional upon the consent of the owners of said grounds and buildings to an assignment of the lease or leases under which said parties of the first part (viz., the defendants) hold said grounds and buildings." By reason of the refusal of the defendants' landlord to consent to the assignment the contract of purchase and sale was never performed. Upon the trial both parties moved for a direction of verdict.

The case falls exactly within the decision in Condict v. Cowdrey, 139 N. Y. 280, 34 N. E. 781, where it was held:

"By the contract between the plaintiff and defendant he was not entitled to commissions, unless there was an actual sale of the property effected through his agency. It must appear to have been a binding and enforceable agreement for the sale and conveyance of the land, and it is not sufficient to show a provisional arrangement which has failed because of the nonfulfillment of a condition not dependent upon the action of the vendor. This is not a case where the owner refused to consummate the sale after the broker had found a purchaser upon the terms originally proposed, or where the vendor has been unable to give the stipulated title on account of some defect in it, either known at the time the contract was executed or subsequently discovered. Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Knapp v. Wallace, 41 N. Y. 477; Barnard v. Monnot, 1 Abb. Dec. 110. There was no failure on the part of the defendant to abide by her offer or agreement to sell. The negotiations failed because the buyers availed themselves of the privilege which they had reserved to recede from the propositions to purchase upon a specified contingency, which happened, and it was not the fault of the defendant that the bargain was never closed."

See, also, Fraser v. Wyckoff, 63 N. Y. 445.
Judgment for the defendants.