### FRANK v. CONNOR.

(Supreme Court, Appellate Term. November 29, 1907.)

BROKERS—COMMISSIONS—WHEN EARNED.

A real estate broker, employed to procure a purchaser of premises for
$8,000 in cash and assumption of two mortgages, one having two years
to run and the other payable in installments extending over a period of
seven years, procured a purchaser who agreed with the owner for the
purchase of the premises and to pay $7,900 in cash and to assume the
mortgages as described. The mortgages matured a year earlier than had

been represented by the owner. The purchaser insisted on a formal contract embodying the terms agreed on, and the owner refused to execute such a contract. The purchaser was able to complete the purchase. *Held,* that the broker was entitled to his commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94–96.]

Appeal from City Court of New York, Trial Term.

Action by Morris Frank against Nathan Connor. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Benjamin Reass, for appellant.
Amend & Amend, for respondent.

LEVENTRITT, J. This is the ordinary action for broker's commission on the sale of real estate. The allegations of the complaint are in effect that the defendant employed the plaintiff to procure a purchaser for the premises No. 316 Delancy street, in this city, "upon specified terms and conditions," and agreed to pay him $400 in the event of his success; that thereafter he rendered services which resulted in the procuring of a responsible person to buy on the terms and conditions prescribed, and yet the defendant refused to pay the agreed commission.

Upon the trial of the issues raised by a general denial interposed by the defendant, the plaintiff, in addition to his own testimony, introduced that of a person who was associated with him in the transaction, and that of the proposed purchaser and of his attorney. Their evidence showed that on the 10th of May, 1906, the defendant employed the plaintiff to sell the premises in question at $40,000, provided the purchaser would pay $8,000 in cash and would assume existing incumbrances, which consisted of a first mortgage for $23,000, having two years to run, and a second mortgage for $9,000, payable in installments extending over a period of seven years; that the defendant promised to pay him "1 per cent., $400," if he procured such a purchaser; that eight days later he introduced to the defendant one Bockar as a prospective purchaser, and that after bargaining the defendant agreed to sell and Bockar to buy the property for $39,900, to pay $7,900 in cash, and to assume the mortgages as described; that thereupon Bockar paid a deposit of $75 to the defendant, who acknowledged receipt in a memorandum wherein were recited the agreed purchase price and the details of the mortgages as stated; that on the afternoon of the same day all parties interested met for the purpose of drafting and executing a formal contract, when it was discovered that each of the mortgages matured a year earlier than had been represented by the defendant; that Bockar expressed his willingness to execute and deliver a contract embodying the terms which had been agreed upon, but the defendant refused, refunded the $75, and destroyed the receipt which had been given therefor; that Bockar was able to complete the purchase; and that no part of the commission had been paid, though demanded. With this testimony before the court, a motion to dismiss was granted for failure of proof.

We have been unable to discover wherein the proof failed. It embraced all the elements essential to establish the plaintiff's right to recover—employment; the production of a purchaser, who was ready, willing, and able to enter into an enforceable contract in accordance with all the terms and conditions imposed by the defendant; and omission to pay the agreed brokerage. The nonexecution of a formal contract cannot defeat the plaintiff. He did all that was required of him —all that was necessary to the earning of his compensation. That the transaction was not consummated was due entirely to the refusal of the defendant to execute a contract containing the terms upon which he and the prospective purchaser had previously agreed. This situation was brought about through the defendant's misrepresentations, and he cannot shift the consequences of his act. Seidman v. Rauner, 51 Misc. Rep. 10, 99 N. Y. Supp. 862. ·

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.