CHARLES HARDY & RUPERTI, INC., Respondent, *v.* NEUSS, HESSLEIN & CO., INC., Appellant.

First Department, February 20, 1925.

**Brokers — commercial brokers — action for commissions on sale of ore to be shipped from South America — contract of sale prepared by broker provided that contract would be void if boat was lost — boat containing shipment was lost — broker not entitled to commissions.**

A broker is not entitled to recover commissions on the sale of ore to be shipped from South America under a contract of sale prepared by the broker, which contains a provision that in case the boat on which the shipment is made is lost the contract will be void, where it appears that the boat containing the shipment was lost and the ore never delivered. The sale having become a nullity by force of the contract through no fault of the seller, no commissions are recoverable on the attempted sale, for the parties are in the same position as if the contract had never been made.

APPEAL by the defendant, Neuss, Hesslein & Co., Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the Appellate Term on the 1st day of May, 1924, affirming a judgment and order of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*Humes, Buck & Smith* [*Raymond J. Scully* of counsel; *Milward W. Martin* with him on the brief], for the appellant.

*Gleason, McLanahan, Merritt & Ingraham* [*Charles F. Bailey* of counsel], for the respondent.

DOWLING, J.:

The facts herein are stipulated.

On or about February 18, 1920, or prior thereto, the defendant authorized Charles Hardy, Inc., a New York corporation, as broker, to negotiate and bring about a contract for the sale of approximately 2,500 tons Brazilian manganese ore, basis forty-five per cent, silica eight per cent, shipment from Rio de Janeiro, at the price of seventy-five cents per unit and ton of 2,240 pounds, and agreed to pay to the said Charles Hardy, Inc., for negotiating the same one per cent upon the amount of the purchase price named in the contract of such sale. Subsequently and on or about February 18, 1920, Charles Hardy, Inc., negotiated and brought about a contract with E. E. Marshall of Philadelphia, by which said Marshall contracted to buy from the defendant Brazilian manganese ore of the quantity, quality and upon the terms and conditions set forth in Exhibit "A" annexed to the complaint. That contract contained the following clause:

" SHIPMENT: Shipment by sailing vessel beginning March. Sailer lost, contract void. Shipment from Rio de Janeiro."

Subsequently and on or about the said 18th of February, 1920, the said Charles Hardy, Inc., prepared and mailed to both defendant and said Marshall a letter, being Exhibit "A," which was signed over the word " accepted " by both defendant and said E. E. Marshall, returned to the said Charles Hardy, Inc., and the copy with Marshall's signature delivered by the said Charles Hardy, Inc., to defendant, and the copy containing defendant's signature delivered to Marshall. Thus the contract prepared by Hardy, the broker, containing the clause rendering the contract void in case of loss of the ship carrying the goods, became the agreement of the parties at Hardy's instigation and by its initiative.

Thereafter the defendant caused goods of the kind, quantity and quality described in the contract to be shipped from Rio de Janeiro on or about March 29, 1920, by motor clipper *Brazil* to Philadelphia.

While on the said voyage the *Brazil* and her cargo were lost and the ore shipped by defendant for delivery under the said contract of February 18, 1920, at no time arrived in this country.

Charles Hardy, Inc., claimed it was entitled to the broker's commission for negotiating the contract despite the clause in question and assigned its claim to plaintiff.

I am of opinion that the plaintiff's assignor was entitled to no commission, for the contract, by its terms, became a nullity and void and of no effect, through no fault of defendant. The broker had himself prepared the form of contract ultimately accepted by the parties, and signed it, and is chargeable with full knowledge of its terms. The sale having become a nullity, by force of the provisions of the contract, through no fault of the seller, no broker's commissions are recoverable upon the attempted sale, which leaves the parties in the same status as if it never had been made.

In *Pressprich & Son Company* v. *Nemours Trading Corporation* (199 App. Div. 1; affd., 233 N. Y. 610) the plaintiff, employed as broker by the seller, negotiated a contract for the sale of sugar to be shipped from Canada to New York, and inserted into the contract the condition that if export of the sugar should be prohibited by the Canadian government the contract should become void. As in the present case, the contract was accepted and signed by the seller, the buyer and the broker. Thereafter the Canadian government prohibited the export of the sugar, so that the contract became void, but the broker claimed that it had nevertheless earned its commission. The suit was an action by the broker for commission for negotiating the contract, and this court held that the broker was entitled to no commission, because the contract had by its own

terms become totally . void, and hence was, as the court said, " ineffective as though never made."

In holding that the broker was entitled to no commission for negotiating the contract, Mr. Justice GREENBAUM said (at p. 4): " The parties, plaintiff and defendant, as well as the willing purchasers, clearly must have had in mind that the contracts of sale would become ineffective as though never made, if export from Canada was impossible."

This court thus held that where the contract of sale became totally void it became a complete nullity, so that the broker was entitled to no commission for negotiating it. It was as though the contract had never been made. It should be noted that this holding applies only to a case where, as in the present one, the contract becomes void through no fault of either the buyer or seller.

In *Condict* v. *Cowdrey* (139 N. Y. 273) the plaintiff, employed as a broker by defendant to sell certain real estate, negotiated a contract for the sale thereof, subject to the condition that if the vendor's title should prove unsatisfactory to the purchaser's lawyer, the contract should become void. The vendor's title did prove unsatisfactory to the purchaser's lawyer, so that the contract became of no effect, but the broker claimed that he was nevertheless entitled to a commission. In holding that the broker was not entitled to a commission, because the contract became of no effect, the court said (at p. 280): " It must appear to have been a binding and enforcible agreement for the sale and conveyance of the land; and it is not sufficient to show a provisional arrangement which has failed because of the non-fulfillment of a condition not dependent upon the action of the vendor. This is not a case where the owner refused to consummate the sale after the broker had found a purchaser upon the terms originally proposed, or where the vendor has been unable to give the stipulated title on account of some defect in it, either known at the time the contract was executed, or subsequently discovered. (*Duclos* v. *Cunningham,* 102 N. Y. 678; *Sibbald* v. *Bethlehem Iron Co.,* 83 id. 378; *Knapp* v. *Wallace,* 41 id. 477; *Barnard* v. *Monott,* 1 Abb. Ct. App. Dec. 110.) There was no failure on the part of the defendant to abide by her offer or agreement to sell. The negotiations failed because the buyers availed themselves of the privilege, which they had reserved, to recede from the propositions to purchase, upon a specified contingency, which happened, and it was not the fault of the defendant that the bargain was never closed."

The general rule applicable to this class of cases is thus stated in Mechem on Agency (Vol. 2 [2d ed.], p. 2034, note): " Where the buyer produced by the broker reserves to himself the right to with-

draw from the contract upon the happening of a certain contingency, having no connection with the fault of the principal, and does withdraw because that contingency happens, the broker has not earned his commission."

The determination of the Appellate Term and the judgment and order of the Municipal Court should, therefore, be reversed, with costs to appellant in this court and in the Appellate Term, and judgment directed in favor of defendant, dismissing the complaint herein, with costs to defendant.

Clarke, P. J., Merrell, McAvoy and Burr, JJ., concur.

Determination of the Appellate Term and judgment and order of the Municipal Court reversed, with costs to the appellant in this court and in the Appellate Term, and judgment directed in favor of the defendant dismissing the complaint, with costs.