HOWARD WINSHIP, INC., Plaintiff, v. THEODORE H. MEYER, Defendant.

Supreme Court, Erie County, March, 1927.

Brokers — real estate broker — action for commission — purchaser executed contract for purchase on condition defendant secured $7,000 loan — purchaser refused to take title on defendant's failure to obtain loan — complaint dismissed.

In this action by the plaintiff, a real estate broker, for its commission for procuring a purchaser for premises owned by defendant, said defendant is entitled to a judgment dismissing the complaint, where it appears that the purchaser, after executing a contract for the premises on the condition that defendant would secure a $7,000 loan thereon, refused to take title on defendant's failure to obtain the loan. The loan not having been procured the defendant withdrew from the contract as provided therein. The contract was based on a contingency that did not happen, and, consequently, the plaintiff did not earn its commission.

ACTION brought by the plaintiff, a duly licensed real estate broker, for the purpose of recovering commissions which the plaintiff claims he earned by procuring for the defendant a customer for a farm owned by the defendant and located in the town of Bennington, Wyoming county. On the trial the presence of a jury was waived by stipulation.

*Wanamaker, Martina & Harrington* [*George W. Wanamaker* of counsel], for the plaintiff.

*Ward, Flynn, Spring & Tillou* [*Julius A. Schreiber* of counsel], for the defendant.

HARRIS, J. The undisputed material facts are as follows: The plaintiff is licensed and maintains an office as a real estate broker in the city of Buffalo. The defendant is the owner of and during his entire life has resided on the farm concerning which negotiations of sale were made. Some time prior to the 22d day of January, 1926, the defendant listed with the plaintiff such farm for sale.

The usual rate of commissions for the sale of farm lands is five per cent of the sales price. Some time after such listing and on or about the 22d day of March, 1926, the plaintiff found and presented to the defendant one Edith L. Carrier as a prospective purchaser of such farm, and after negotiations, which were all conducted through the office of the plaintiff, a contract was entered into between the defendant and the said Edith L. Carrier. Such contract was drawn in the office of and by the associates of the plaintiff. Such contract provided that the defendant herein, referred to in such contract as the seller and party of the first part thereto, and the said Edith L. Carrier, referred to therein as the purchaser and party of the second part thereto, mutually covenanted and agreed as follows:

" The party of the first part to sell, and the party of the second part to purchase,

" *All that tract or parcel of land,* together with the improvements thereon, situate in the Town of Bennington, County of Wyoming, and State of New York, briefly described as follows: Being that Farm known as the H. F. Meyer farm, now occupied by his son the party of the first part herein, containing about 162 acres of land and situate on Bear Street, for the sum of Fifteen thousand and one Dollars ($15,001.00), which sum the said purchaser hereby agrees to pay to the seller as follows: the sum of $1.00 upon the execution of this contract, receipt whereof is hereby acknowledged, the further sum of fifteen thousand dollars as follows, viz: *first,* by assuming and agreeing to pay a mortgage of two thousand dollars, now a lien on said premises; *second,* by agreeing to give a good and sufficient Warranty Deed of premises #336 Baynes Street, Buffalo, N. Y.; said premises being 28 feet front and rear by 140 feet in depth, subject to a first mortgage of $6,500.00 held by Adam, Meldrum and Anderson Company with interest at 5%; also subject to a second mortgage of $3,045.00 held by Isabelle Hudson and payable $125.00 quarterly with 6% interest, there being a recognized equity of $6,455.00 in said premises, and finally by giving her bond conditioned upon the payment of $6,545.00 as follows, viz: $250.00 every six months with interest at 6%; said bond to be secured by a Purchase Money Mortgage on said premises, all on the delivery of the deed hereinafter referred to.

" *It is further agreed* that should the party of the first part herein be able to secure a larger sum than that secured by the first mortgage, now a lien on said premises, which larger sum it is understood the party of the first part herein would like to obtain and secure by a first mortgage on said premises before the execution and delivery of the deed hereinafter referred to, then and in that

case it is understood and agreed that the party of the second part herein will assume and agree to pay a mortgage or mortgages securing said larger sum conditioned that the $6,545.00 bond and mortgage which she agreed to give as a final payment hereon shall be reduced by the additional amount the party of the first part is able to secure.    \*    \*    \*

"*It is understood and agreed* that the party of the first part herein may back out from this agreement provided he is unable, within 15 days, to secure a party who is willing to loan him $7,000 on said premises, it being understood that should the party of the second part be willing to make a cash payment, the $7,000 mortgage may be reduced by the amount of the said cash payment.

"*It is also understood and agreed* that the party of the second part may back out from this agreement provided her brother Roy H. Wilson advises her so to do, said second party however must take advantage of said advice within one week from the date hereof.    \*    \*    \*

"*It is further agreed* that this contract shall be closed, the payments made and the deed shall be delivered at the office of                          on February 20th, 1926, or upon such other date as shall be mutually agreed upon by the parties hereto.    \*    \*    \* "

The portions of the contract which are omitted above are not pertinent or material to the decision of this action.  Following execution of the above-mentioned contract, the defendant herein, the plaintiff herein and the said Edith L. Carrier, each endeavored to secure the loan of $7,000 on said premises as mentioned in said contract, but no one was able to secure such loan, and the said Edith L. Carrier was unable to make a cash payment to apply on or to take the place of such $7,000 loan, and in accordance with the terms of such contract the defendant herein, the party of the first part thereto, withdrew (or did back out, as provided for in the contract) from such contract within the fifteen days referred to in such contract.

On the trial of this action the plaintiff claimed that it had earned and was entitled to judgment for the sum of $750 commissions and interest thereon.

In deciding the questions involved in this lawsuit, the court has kept in mind the rule that a real estate broker who obtains for his client who desires to sell a piece of real property, a customer satisfactory to the client who enters with the client into an enforcible contract for the sale and purchase of such real property, at the terms and on the conditions desired by the client, has earned and is entitled to his commissions, even though the contract later

Appellate Term, Second Department, January, 1927.          [Vol. 129

is not enforced. This court is of the opinion that the facts in this case do not come within the rule above stated. The provision of the contract " *It is understood and agreed* that the party of the first part herein may back out from this agreement provided he is unable, within 15 days, to secure a party who is willing to loan him $7,000 on said premises, it being understood that should the party of the second part be willing to make a cash payment, the $7,000 mortgage may be reduced by the amount of the said cash payment," shows that the defendant herein was not committed to a sale of the property and, therefore, the purchaser was not committed to a purchase of the property until and unless the defendant herein was able to secure such $7,000 loan. On the failure to secure such loan and the notification of the purchaser by the seller that he would not go through with the deal, the contract ceased to be of force and effect. The carrying out of the contract was based on a contingency that did not occur and, therefore, in securing the making of such contract the broker did not earn its commission.

The defendant is entitled to judgment dismissing the complaint herein, and for the costs of this action.

Findings of fact and conclusions of law, in accordance with the above, may be prepared and submitted to me for signature.