Arthur D. Brennan, J.
In tins action tried before the court without a jury, the plaintiff seeks to recover commissions alleged to he due Mm for services rendered hy Mm, as a licensed *66 real estate broker, in negotiations for the leasing of the defendants’ unimproved premises located on Maple Street, in the Village of Hastings-on-Hudson, New York.
It appears that in August of 1956, the defendants authorized the plaintiff to negotiate a lease for the subject premises. The plaintiff submitted the matter to American Stores Company which is engaged in the operation of a chain of supermarkets and that firm indicated that it was interested in a long-term lease on the defendants’ premises to be improved by the owners with such a market building and off-street parking facilities as met with its approval. It is clear that from the start of these negotiations, the plaintiff and his prospect knew that the subject premises were located in a zoning district wherein the proposed use of the same as a supermarket was prohibited. The said prospect then and at all times thereafter took the position that it was interested in a lease on the defendants’ premises, improved as aforesaid, only if and in the event that a change of zone were effected so as to permit the use of the same for its afore-mentioned business. An application for the desired change of zone was made and was presented to and considered by the Village’s Planning Board (to which the matter was referred for a report thereon) and by the Board of Trustees of the village. While this application was being studied, the Village Manager advised one or more of the interested parties that each respective board which was considering or would consider the request for a change of zone desired a signed lease whereby the bona fide interest of the tenant in the premises and the contemplated use thereof would thus be assured. In order to comply with this advice, a conference was arranged and held at the office of the defendants’ counsel on April 11, 1957; the plaintiff, two representatives of his prospect and its counsel were present; and various disputed clauses relating to the terms and provisions of a proposed lease were discussed. At this conference, it was orally agreed and understood between counsel for the proposed landlords and counsel for the proposed tenant that any lease entered into between their clients should not be effective unless and until the premises were rezoned so as to permit the proposed tenant’s intended use thereof. In this connection, this court finds that prior to April 26, 1957, the plaintiff herein knew and well understood that his prospect’s interest in a lease was conditioned upon the aforesaid change of zone and also that he was aware of the afore-mentioned understanding and arrangement made between both counsel at the said conference of April 11, 1957. Further, *67 in this connection, it may he noted that such an oral understanding and arrangement when made prior to or simultaneously with the execution of a written instrument does not violate the parol evidence rule but is valid and sufficient (Folinsbee v. Sawyer, 157 N. Y. 196; Nibloch v. Sprague, 200 N. Y. 390; Grannis v. Stevens, 216 N. Y. 583.)
On April 26,1957, the plaintiff herein prepared and presented to the defendants a letter consisting of a brokerage commission agreement and said instrument which was then entered into between the parties hereto, provided as follows: “It is also understood and agreed that I (the plaintiff) shall be paid the sum of $6,000.00 upon the signing of the leases on terms all of which have been agreed upon by the co-owners (the defendants) and The American Stores Co. of Philadelphia, Pa., as tenants, such payment to be payment in full”. (Matter in parentheses, supplied.)
The lease was prepared in final form. On May 1, 1957, the signature of one defendant, acting for himself and for the codefendant herein, was placed thereon; on May 3, 1957, the signature of American Stores Company (by its vice-president) and its corporate seal were placed thereon and affixed thereto; on May 6, 1957, at least one duplicate original thereof was delivered to and received by each of the parties thereto; and on May 7, 1957, a photostatic copy of said lease was delivered to the Village Manager of Hastings-on-Hudson. On May 8, 1957, the aforesaid tenant addressed and forwarded to the defendants herein a letter confirming the above-mentioned arrangement made on April 11, 1957 between counsel for the respective parties to said lease. On .Tune 14, 1957, the Board of Trustees denied the application for a change of zone unrl the aforesaid lease agreement has remained ineffective in all respects.
It is the plaintiff’s sole position and contention that the terms of his letter agreement of April 26, 1957 have been complied with and that he is therefore entitled to recover the sum therein stipulated.
In order that a broker who is engaged to sell or lease real property may earn and be entitled to his commissions, it must appear that he procured-and produced a prospect ready, willing and able to buy or lease the owner’s premises on terms prescribed by or satisfactory to the owner; and unless the owner, by his refusal to proceed with the transaction, prevents the prospect from so doing, it is necessary that said prospect manifest Ms willingness and ability to buy or lease by entering *68 into a binding and enforcible agreement or lease. In the light of these basic requirements, the general rule is well settled that unless the transaction is carried out or the instrument evidencing the same becomes absolute, a broker is not entitled to commissions for negotiating a contract or lease which is conditioned upon the happening of a certain contingency having no connection with the fault of either the owner or the respective buyer or lessee. (Condict v. Cowdrey, 139 N. Y. 273; Folinsbee v. Sawyer, 157 N. Y. 196, supra; Hall v. Schiff, 179 App. Div. 699; Pressprich & Son Co. v. Nemours Trading Corp., 199 App. Div. 1, affd. 233 N. Y. 610; Hardy & Ruperti v. Neuss, Hesslein & Co., 211 App. Div. 697; Ward v. Kennedy, 51 Misc. 422, affd. 122 App. Div. 890; Howard Winship, Inc. v. Meyer, 129 Misc. 149; Ward v. Zborowski, 31 Misc. 66.)
To this general rule there is, however, an exception, of which the case of O'Hara v. Bronx Consumers Ice Co. (254 N. Y. 210) is an example. There the plaintiff broker was allowed to recover Ms commissions in a transaction for the sale and purchase of real property although the contract provided that the buyer should not be obliged to complete the purchase unless the Bureau of Standards and Appeals of the City of New York granted a permit for the erection and maintenance of a public garage on the subject premises. The proof showed that the defendant seller had voluntarily assumed the risk that the permit might not be secured. In such circumstances, the court held that the jury had properly found that the broker had been employed to obtain an agreement conditioned on the granting of the said permit and since the broker had fulfilled such an employment, he had earned his fee.
Turning now to the situation at bar, it is important to remember the fact, observed above, that the letter agreement of April 26, 1957 was prepared by the plaintiff broker. TMs requires the application of the principle that where, as here, an agreement is drawn by the plaintiff, the instrument must be strictly construed against Mm and any uncertainty or ambigMty should be resolved in favor of the party who was invited to accept and did accept the same. (Gillet v. Bank of America, 160 N. Y. 549.) What did the parties hereto intend when they agreed that the plaintiff should be paid the sum of $6,000 upon the “ sigrnng of the lease(s) ”? If the word “ signing ” was used synonymously with the word “ execution ” then, as was noted in Hayes v. Ammon (90 App. Div. 604), the same would imply the sigrnng, sealing and delivery of the proposed lease and the plaintiff would not be entitled to recover, for under the above *69 arrangement and agreement of counsel made on April 11, 1957, the delivery of any lease thereafter to be entered into between their clients was not to become absolute until and unless the premises were rezoned. On the other hand, if the word “ signing ” was not used in such a synonymous sense, but was used in a more limited meaning, then it must be held that in the circumstances here present, the parties had in mind an effective signing — i.e., one by which it was the intent of the parties (to the lease) that each should and did thereby bind himself or itself to the terms and conditions of the lease. (Wagner v. Chemical Bank & Trust Co., 154 Misc. 123; United States Fidelity & Guar. Co. v. Siegmann, 87 Minn. 175, 178; Delaware Ins. Co. v. Pennsylvania Fire Ins. Co., 126 Ga. 380, 389.) This court is of the view that in the afore-mentioned circumstances, it cannot be held that by use of the word “ signing ” the parties hereto intended and referred only to the mere clerical or physical act of writing the names of the landlords and tenant mentioned in the lease.
This court holds that the plaintiff has failed to establish that the defendants voluntarily assumed the risk that the application for a change of zone might not be granted and that said plaintiff was employed to effect only a lease which was conditioned on such a change. In this court’s view the plaintiff’s case falls within the general rule above mentioned and not within the exception.
Accordingly, the complaint is dismissed and judgment may be entered in favor of the defendants. All exhibits herein may be obtained at the office of the clerk of Special Term, Part I. With respect to plaintiff’s Exhibit No. 4 for identification, it appearing that said exhibit was not received in evidence, the same has not been considered.
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.
Submit judgment.