Mario Pittoni, J.
Motion for summary judgment dismissing the complaint in an action for brokerage commission.
*310 The gravamen of the complaint is: that the defendants Toumaniantz, on May 14, 1958, gave the plaintiff an exclusive agency for three months to sell their home at Manhasset, New York; that the plaintiff procured one William M. Westhoff who on July 31, 1958 was ready, willing and able to purchase the property; but that for the purpose of cheating and defrauding the plaintiff, the Toumaniantzs and Westhoff agreed to a postponement of the sale until the term of plaintiff’s agency had expired or to transfer title to a “ third party dummy ’ ’.
The evidence submitted discloses that title to the premises was conveyed to James B. and Anno W. Howard on or about November 24,1958. Westhoff deposes that he had no agreement with anyone for the purchase of the premises for his use or account. A copy (unsigned) of an affidavit by the Howards is to the same effect — that they did not purchase the premises for the account or use of Westhoff, but rather for their own use as a home. Westhoff also states that on July 31, 1958, he was only ready to purchase the premises if an agreement conditioned upon his obtaining a mortgage loan for $21,000 were signed, with the purchase price reduced from $29,500 to $27,200, but that as the plaintiff would not agree to a reduction of her commission to $500 payable on the closing of .title, the sellers and he did not agree upon any sale. Plaintiff, in a reply affidavit, asserts that a mortgage loan for $21,000 was approved for Westhoff, but she does not state when a firm commitment was given, or whether Westhoff was aware of any firm commitment on July 31, 1958. Clearly, if Westhoff was dependent on the advance by a lending institution on July 31, 1958 and had not received a firm commitment for such advance, it could not be held that Westhoff was able to purchase the premises. “ ‘ It may be said, in general, that a proposed purchaser is not able, when he is depending upon third parties who are in no way bound to furnish the funds, to make the purchase ’. ’ ’ (Globerman v. Lederer, 281 App. Div. 39, 42.) (Emphasis supplied.)
The complaint was served on August 6, 1958. No evidence whatsoever is offered to show that the Howards, who eventually purchased the property, were acting for or on account of Westhoff, either prior to that date, or in fact subsequent thereto. Therefore, as the evidence does not show that Westhoff was able to buy on July 31, 1958, and as there is no evidence to support finding of a conspiracy between the defendants Toumaniantz and Westhoff to put the title in the name of the Howards, the complaint must be dismissed.
*311 Reference is made in the plaintiff’s affidavit to the possibility that the deal with the Howards was made before the term of the exclusive agency expired, but no evidence to support that claim is offered, nor does the complaint plead a cause of action to that effect. “ The plaintiff may not defeat such a motion [rule 113] because he may have a good cause of action on a differently stated complaint” (Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44, 48). Accordingly, the motion is granted.