■ LANE — THE REAL ESTATE DEPARTMENT STORE, INC., Respondent, v. LAWLET CORP. et al., Appellants.— In an action to recover real estate brokerage commissions, defendants appeal from a judgment of the Supreme Court, Queens County, entered October 29, 1968, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. The parties to this action are: plaintiff, a licensed real estate broker; defendant Success Properties Corporation (Success), which, at the time the alleged brokerage contract was made, was the owner of a small, marginal equity interest in a parcel of real estate which it sought to sell; defendant Charles L. Lunny (Lunny), the president of Success; and defendant Lawlet Realty Corp. (Lawlet), a corporation organized by the owners of a third mortgage on the property to take title to the property as additional security for their past-due, unpaid mortgage. Plaintiff, through Louis Licht (Licht), its president, contacted Success, through its president, Lunny. Licht inquired whether the property was for sale and informed Lunny that plaintiff, as broker, had a prospective purchaser who might be interested in its purchase. Plaintiff claimed that between the middle of February and the early part of March, 1967, an oral contract employing it as broker was entered into between its president, Licht, and Lunny; and that Success, through Lunny, and the prospective purchaser through Licht, made oral commitments as to the terms and conditions under which the property would be sold. Plaintiff further contended (1) it found a purchaser, Gerald C. Cunningham, to buy the property for $800,000, subject to a first mortgage on which there was a principal balance owing of $548,000, and subject to a second mortgage on which there was a principal balance owing of $114,683; (2) Lunny allegedly represented and promised that he could procure a modification of the second mortgage so as to reduce the interest rate from 8% to 6% per annum, if the mortgage were amortized at 1% per annum and reduced by $15,000, and that he had been authorized by the second mortgagee to represent that the second mortgagee would so modify her mortgage, payment of which was past due; and (3) plaintiff's prospective purchaser, Cunningham, was ready, able and willing to close a contract to purchase the property from Success on these terms and conditions. In our opinion, as a matter of law, the complaint should have been dismissed. The proposed sale was conditioned on the performance by a third party, the second mortgagee, of certain conditions precedent to a binding sale; and there was no competent proof that that party had performed or would perform these conditions (cf. *Condict* v. *Cowdrey*, 139 N. Y. 273, 280; *Globerman* v. *Lederer*, 281 App. Div. 39, 42; *Ward* v. *Kennedy*, 51 Misc. 422, affd. 122 App. Div. 890; *Morrisey* v. *Toumaniantz*, 27 Misc 2d 309). There was no commitment in writing, as required under section 5–703 of the General Obligations Law, by the second mortgagee to modify and extend her mortgage. Moreover, the factual issue created by plaintiff's claim that Lunny had represented that the second

mortgagee would modify the terms of her mortgage, as required by the prospective purchaser, and Lunny's denial that he ever made such representation, is academic, since section 5-1111 of the General Obligations Law provides that an agency to bind a third party to a real estate transaction must be in writing, signed by the party to be charged. No evidence was adduced concerning any written authority given by the second mortgagee to Lunny authorizing him to act on her behalf concerning any modification of her ·second mortgage. Plaintiff's claim that Lawlet was also liable on the alleged brokerage contract is based on its contention that, since a deed had been given by Success to Lawlet on February 3, 1967, Lunny also negotiated the contract on Lawlet's behalf. As above noted, Lawlet had been organized to take such deed as further security for the past-due unpaid third mortgage. ·Since Lunny was not an officer ·of Lawlet, and no written authority as required · by section 5-1111 of the General Obligations Law had been given by Lawlet to Lunny to transfer its interest in the property, this claim cannot be sustained. Plaintiff also claims that Lunny was personally liable on the alleged oral brokerage contract because he failed to disclose his principal, Success. Plaintiff refers to CPLR 3002, (subd. [b]), which permits the promisee under a contract to hold both the agent and his undisclosed principal jointly liable for a ·breach thereof. But this new doctrine does no apply to the situation at bar. Here the proof clearly established that the principal was disclosed. Plaintiff knew it was dealing with Success. Absent nondisclosure of ·the principal, an agent is not personally liable on a contract made for a principal. Accordingly, this claim is without merit. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.