■ GEORGE SILVERSTEIN et al., Respondents, v. EMPIRE STATE SHOE CO., INC., et al., Appellants.— Appeal from a judgment in favor of plaintiffs, entered upon a decision, for rent under a lease providing, among other things, that "before this lease commences", and as "a condition precedent to duties under said lease", the landlords would make certain installations. None of them were made and this failure is alleged by defendants to be a breach of a condition precedent and to constitute a complete defense to the action. Nevertheless, defendants occupied the premises and paid rent for 26 months before vacating them, at no time objecting to plaintiffs' failure to make the installations or requesting that they be made. The result was a waiver of the condition or of the landlords' obligation, however denominated. (*Campbell* v. *Poland Spring Co.,* 196 App. Div. 331, affd. 233 N. Y. 506; *Clements* v. *Steinhauer,* 15 A D 2d 72, 77; *Electronic Corp. of America* v. *Famous Realty,* 87 N. Y. S. 2d 169, 172, affd. 275 App. Div. 859.) The conversation between the parties preceding the execution of the contract did not concern a condition as to the delivery or effectiveness of the lease, as in *Hubbard* v. *Tobin* (15 Misc 2d 65), relied upon by respondents; but the supposed error in its admission was harmless inasmuch as there was, as we have found, waiver of the landlords' obligation as a matter of law. Judgment affirmed, with costs to respondents. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of PETER DE CROIX, Respondent, v. N. SUMERGRADE & SONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The board awarded to claimant the cost of transportation to and from work by means of his own automobile, as "necessary for the claimant's physical support", upon medical testimony that following healed leg fractures claimant was left with limitation of motion at the ankle, traumatic arthritis of the ankle and an ankle ulcer, and that claimant's previous mode of transportation by subway was precarious in that the stairs and crowds subjected him to risk of irreparable injury. In *Matter of Carniato* v. *Foster Wheeler Corp.* (7 A D 2d 328), this court, per BERGAN, J., flatly held (p. 329): "Provision for use of an automobile to go to work does not come within the scope of section 13 of the Workmen's Compensation Law requiring payments for 'medicine, crutches and apparatus * * * or other devices * * * necessary * * * to replace, support or relieve a portion or part of the body'. The enumeration of medical aids expressed in this statutory form would, under ordinary canons of construction, exclude nonmedical instruments such as a motor vehicle." The factual distinctions which the board would draw between the *Carniato* case and this cannot alter the legal principle thus expounded, with the result of constituting a motor vehicle a medical "apparatus" or "device", which clearly it is not. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.