377 So.2d 792 (1979)
Alexander L. COVER, Appellant,
v.
T G & Y and Seaboard Fire & Marine, Appellees.
No. QQ-47.
District Court of Appeal of Florida, First District.
December 7, 1979.
William Fisher, III of Fisher, Bell, Hahn, Winn & Ptomey, Pensacola, for appellant.
J. Nixon Daniel, III of Beggs & Lane, Pensacola, for appellees.
PER CURIAM.
This appeal is from a worker's compensation order finding that appellant/claimant, who reached maximum medical improvement in May of 1977, is permanently and totally disabled from a combination of his industrial accident and the natural progression of arthritis since that accident. Appellant controverts the factual basis for that finding, as well as the legal propriety of the direction for payment of "permanent and total disability benefits at a yet-to-be determined compensation rate from May 18, 1977." Jurisdiction was retained to determine the rate by apportionment after compliance with the further order to re-depose a medical witness on that question. We find no error with respect to those issues nor as to the award for nursing care and *793 denial of penalties and interest. We also conclude against the point raised on cross-appeal, because the record reflects no change in the factual predicate for a prior award (not appealed) for costs of chemicals for seasonal maintenance of a swimming pool necessary for prescribed therapy. We reverse the order, however, insofar as it denied the cost claimed for repair of a pump essential to the summer seasonal use of the pool for such therapy.
Examination of the record and orders entered on this claim does not support appellee's contention that adequate alternatives are approved or substituted by the order in lieu of the preferred pool therapy prescribed on a seasonal basis in this case. Instead, the repair cost claimed under the circumstances appears to be a reasonable method for providing the care recommended by the attending doctor under the statutory provision for furnishing the use of apparatus as the nature of the injury may require. Section 440.13(1), Florida Statutes. Walt Disney World Co. v. Morgan, IRC Order 2-3818 (May 22, 1979).
The order is accordingly affirmed in part and reversed in part and the cause remanded for further proceedings consistent herewith.
ERVIN, Acting C.J., and SHAW and WENTWORTH, JJ., concur.