382 So.2d 1331 (1980)
FIDELITY & CASUALTY CO. OF NEW YORK (through Underwriters Adjusting Company), Appellants,
v.
Donald COOPER, Appellee.
No. QQ-419.
District Court of Appeal of Florida, First District.
April 25, 1980.
*1332 B.C. Pyle of Whittaker, Pyle, Stump & Webster, Orlando, for appellants.
George J. Adler & David M. Hammond of Meyers, Monney & Adler, Orlando, for appellee.
WENTWORTH, Judge.
The employer/carrier appeals a worker's compensation order which we affirm. The claimant's left hand was severed in an industrial accident, and he subsequently purchased a motorcycle for transportation to and from work. Because of the loss of the claimant's left hand, it was necessary that the motorcycle be modified at a cost of $136.95. The claimant paid for such modifications, and the judge of industrial claims ordered the employer/carrier to reimburse the claimant for these costs. We hold that such modifications were properly awarded as "other apparatus" which "the nature of the injury ... may require ..." § 440.13(1), Florida Statutes.
Where an industrial injury necessitates the modification or substitution of an automobile in order to accommodate a wheelchair or artificial member and to restore in part a claimant's former ambulatory ability, such costs may be awarded as "other apparatus" pursuant to § 440.13(1). Walt Disney World v. Morgan, IRC Order 2-3818 (May 22, 1979). In Jordan v. Florida Industrial Commission, 183 So.2d 529 (Fla. 1966), the Court stated, in applying § 440.13(1), that "the employer should bear the cost of returning the employee to an employable status... ."
While a § 440.13(1) award will usually require medical evidence as to necessity, see e.g., Goldsmith v. Buena Vista Construction Co., 304 So.2d 110 (Fla. 1974), in the present case the non-medical evidence clearly establishes that the nature of claimant's compensable injury and disability caused his obvious need for modifications to the motorcycle, which was purchased for work-related transportation. Although the claimant is able to drive an automobile without modification, the decision to purchase a motorcycle was properly determined to be dictated by valid and reasonable economic considerations.
We conclude that the present case is controlled by the same considerations as those involved in Walt Disney World v. Morgan, supra, and that the modifications necessitated by the loss of claimant's left hand are "other apparatus" as that term is used in § 440.13(1). See § 440.49(1), Florida Statutes, for additional provisions governing claims for specific rehabilitation benefits; cf. American Fire & Casualty Co. v. Capps, IRC Order 2-3205 (July 25, 1977); Cover v. T G & Y, 377 So.2d 792 (Fla.1st DCA 1979); Firestone Tire & Rubber Co. v. Vaughn, 381 So.2d 740 (Fla.1st DCA 1980).
The order appealed is accordingly affirmed.
McCORD and LARRY G. SMITH, JJ., concur.