PER CURIAM.
Following an emergency hearing, the deputy commissioner ordered the employer/carrier to pay for claimant’s transportation by ambulance to his father’s funeral, to be held a distance of approximately 125 miles from where the claimant was hospitalized. The employer/carrier appealed. We have jurisdiction.[1] We reverse.
The facts are not in dispute.[2] The claimant suffered a compensable industrial accident which required back surgery. Following the surgery, while the claimant was still in the hospital, his father died. Dr. Hall, the surgeon who performed claimant’s operation, was unwilling to allow claimant to attend his father’s funeral unless he was transported to and from the funeral by ambulance. The deputy commissioner convened an emergency hearing for the sole purpose of determining whether the employer/carrier should be required to pay for *923 this transportation. Dr. Hall was the only witness. He testified that claimant was very close to his father, that claimant had a psychiatric condition which predated and was unrelated to his industrial accident, that he would suffer major psychiatric problems if he was unable to attend his father’s funeral, and that these problems may impede his recovery from surgery. The deputy commissioner found that it would be in the best interest of all parties that claimant attend his father’s funeral, and ordered the employer/carrier to pay the costs of transportation.
The employer/carrier is required to furnish an injured employee “such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse, or hospital, and for such period as the nature of the injury or process of recovery may require, including medicines, crutches, artificial members, and other apparatus.”[3] In addition, “[a]n injured employee is entitled, as part of his remedial treatment, care, and attendance, to reasonable actual costs of transportation to and from the doctor’s office, hospital, or other place of treatment by the most economical means of transportation available and suitable in the individual case.” Section 440.-13(4), Florida Statutes (1977).
The statute does not require the employer/carrier to pay for travel undertaken for reasons unrelated to the treatment of injuries sustained by the employee in a compen-sable industrial accident. The death of the claimant’s father and claimant’s reaction to it are matters extraneous to his industrial injuries and are no different (except in degree) than any number of other misfortunes which we all must suffer, and which none of us may control. We recognize the debilitating effect which the death of a loved one can have on an individual recovering from the trauma of surgery, and we recognize the sympathy with which the deputy commissioner must have viewed the claimant’s plight. But, sympathy resulting from the recognition of a shared fate, however natural and human, cannot support this award.
The order of the deputy commissioner is reversed, and the cause is remanded with directions to dismiss the claim.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WIGGINTON, JJ., concur.

. The order disposes of the only issue ripe for adjudication, the question of the employer/carrier’s responsibility to provide this transportation, and is, therefore, a final order.

. A malfunction in the deputy commissioner’s recording equipment has resulted in the absence of a transcript of the hearing. Because the parties are in agreement as to the operative facts, we have treated this case as an appeal on stipulated facts pursuant to W.C.R.P. 18(c).

. Claimant’s accident occurred on December 30, 1977. The benefits to which he is entitled and the duties of the employer/carrier are fixed by the statute in effect on that date, § 440.-13(1), Florida Statutes (1977). Phillips v. City of West Palm Beach, 70 So.2d 345 (Fla.1953).