■ In the Matter of the Claim of JAY A. KRANIS, Appellant, v TRUNZ, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed July 21, 1981 and October 6, 1981. In 1965, claimant was paralyzed from the waist down as the result of an employment-related accident. To enable claimant to secure ongoing medical care, respondent carrier, Interboro Mutual Indemnity Insurance Company, provided limousine transportation until December, 1969 when, in response to a suggestion from claimant's doctor, it purchased a new specially equipped car in claimant's name for him to use. In the ensuing nine years, Interboro replaced the car on two occasions. Additionally, Interboro assumed all costs of operating and maintaining these cars. When, in January, 1979, the carrier unilaterally discontinued doing so, the board granted claimant's application for a hearing regarding the carrier's liability to continue furnishing a car. Ultimately the board determined that Interboro had no responsibility under the Workers' Compensation Law to supply claimant with an automobile and further held that no contract existed between the parties obligating Interboro to purchase or maintain a car for claimant's use. An automobile is not a medical apparatus within the meaning of section 13 of the Workers' Compensation Law, thus, as the board recognized, it lacked authority to compel Interboro to furnish claimant a car (*Matter of De Croix v Sumergrade & Sons,* 20 AD2d 735). Also we find unacceptable the assertion that Interboro voluntarily entered into a contract to provide claimant a car and that the board is obliged to enforce this agreement because it was made in settlement of a claim. The board is not empowered to enforce or rule upon the issue of whether an oral agreement to supply a vehicle — a remedy not permitted under the Workers' Compensation Law — existed. Accordingly, its determination that no contract existed between Interboro and claimant is a nullity. This record discloses nothing more than a disagreement concerning the existence and enforceability of an alleged oral agreement. The forum for the resolution of this dispute is the court, where redress may be granted. Decision filed October 6, 1981 modified by striking the portion thereof which found that "the record fails to show that the carrier entered into a contract that enlarged its liability to provide for automobile and payment of related expenses", and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.