SHIVERS, Judge.
Appellant Terri Lynn Ulmer appeals an order denying her claim for medical benefits to compensate for the expense of hiring assistants to perform certain of the claimant’s job functions which she was no longer able to perform due to a job-related medical condition. The deputy commissioner concluded that such expenses do not fall within the ambit of medical benefits recoverable under the Florida Workers’ Compensation Act. We agree and affirm.
Claimant, a hairstylist, developed a reaction to certain chemicals used in her profession and was diagnosed as having eczema-tous dermatitis of the hands. Her treating physician advised that she avoid contact with such chemicals and refrain from shampooing her customers’ hair. Adherence to this advice resulted in an improvement in the claimant’s skin condition. She was required, however, to pay “shampoo girls” to shampoo her clients’ hair. Prior to development of dermatitis the claimant had performed all of the shampoos for her clients to avoid the additional expense of shampoo girls. Appellant filed the claim below for reimbursement of the cost of using these shampoo girls, asserting that this compensation was available as a medical benefit provided for by § 440.13(1), Florida Statutes (1981), which provides in pertinent part:
[T]he employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon or other recognized practitioner, nurse, or hospital, and for such period as the nature of the injury or the process of recovering may require, including medicines, crutches, artificial members and other apparatus, (e.s.)
Judicial interpretation of this provision has resulted in awards of compensation for such expenses as attendant care for a blinded worker, Khawam v. Collision Clinics International, Inc., 413 So.2d 827 (Fla. 1st DCA 1982); modification of vehicles to allow operation by a handicapped driver, Fidelity & Casualty Co. of New York v. Cooper, 382 So.2d 1331 (Fla. 1st DCA 1980); installation and maintenance *1219 of swimming pools for prescribed hydrotherapy, Firestone Tire & Rubber Co. v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980); Cover v. TG&Y, 377 So.2d 792 (Fla. 1st DCA 1979), and child care services to relieve tension and pressure experienced by a recuperating worker/mother, Doctor’s Hospital of Lake Worth v. Robinson, 411 So.2d 958 (Fla. 1st DCA 1982). Rejected claims have included compensation for ambulance transportation of the injured worker to his father’s funeral, State, County Correctional Institute, Division of Risk Management v. Hughes, 412 So.2d 922 (Fla. 1st DCA 1982), and housekeeping services not specifically necessitated by the industrial injury, South Coast Construction Co. v. Chizauskas, 172 So.2d 442 (Fla. 1965). We do not find these rulings to control disposition of this appeal. Counsel has not presented to us, nor has our research discovered, authority for compensation under this section for the cost of an aide to perform job functions for which a claimant has become disabled.
It is uncontested that the appellant suffers a continuing doctor-imposed limitation attributable to her work, resulting in a loss of wage-earning capacity. As the claimant has pointed out, it is the goal of workers’ compensation to restore the injured worker to pre-accident earning capacity and Florida’s Workers’ Compensation Act is to be liberally construed in favor of the worker to serve that purpose. However, it appears that the construction which the appellant urges upon us exceeds the bounds of liberal construction.
When a worker suffers a permanent limitation,, such that she is no longer able to fully perform the pre-injury job, relief is available under the Act in the form of rehabilitation or wage-loss benefits. It is not necessary, here, to express any opinion as to the merits of the appellant’s entitlement to rehabilitation or wage-loss benefits as we note that she did not pursue either avenue. Instead, she elected to proceed under § 440.13(1). The services of shampoo girls do not fall within the category of covered medical services described by that statute as “remedial treatment care and attendance” or “medicines, crutches, artificial members and other apparatus” and we do not interpret that language to encompass compensation for losses more effectively and appropriately addressed in other provisions of the Workers’ Compensation Act.
Accordingly, we affirm the deputy’s denial of medical benefits.
WENTWORTH and NIMMONS, JJ., concur.