ZEHMER, Judge.
We review a workers’ compensation order awarding a heated vinyl swimming pool for purposes of physical therapy to be installed at the claimant’s residence at a cost not exceeding $8,600. The order explicitly found a medical need for hydrotherapy on a daily basis, stating as follows:
4. For a while the claimant went from his home in rural Santa Rosa County to the YMCA in Pensacola for water therapy. This is a thirty to forty mile journey by automobile. The trip tended to aggravate his back condition. Ms. Stevens confirmed this because on the days she saw him after his trips to the YMCA pool, the claimant had definite muscle spasms in his neck and back. According to Ms. Stevens, the claimant needs daily swimming sessions for maximum benefit. If the claimant had convenient access to a swimming pool on a daily basis, his need for regular physical therapy session *270 would be very minimal with intensive care administered only during periodic exacerbations. Dr. Flynn has prescribed and Ms. Stevens agrees that at a minimum he will need physical therapy sessions three times a week indefinitely into the future unless he can get reasonable access to a swimming pool close enough to his home so that the automobile trip would not be an aggravation in and of itself.
5. The claimant seeks an order requiring the employer/carrier/servicing agent (e/c/sa) — due to the multiple injury dates a carrier and a servicing agent are involved — to pay for the construction of a heated pool in his yard adjacent to his home. Both Dr. Flynn and Ms. Stevens agree this is an ideal solution to his unique needs. The e/c/sa resists contending hydrotherapy is available within twenty-seven miles from his home at the University of West Florida. This, it is contended, is anywhere from eight to thirteen miles closer than the YMCA pool. They contend that the claimant is not so disabled that he cannot endure the ride and produced surveillance video tape showing an active and apparently pain free individual. This tape was shown to Dr. Andrew Gygi, an orthopedic surgeon who had seen him on one occasion for a second opinion.
6. Evidence was produced indicating a heated “lap” pool installed at the claimant’s home would initially cost anywhere from $10,000.00 for a 15' X 40' quinte pool to $8,600.00 for a 10' X 30' vinyl pool. As pointed Out by Dr. Flynn, a home pool probably would be a very practical solution to the claimant’s long term needs when compared to the costs of physical therapy sessions. Currently at $33.00 per session for three days per week, the annual cost of physical therapy is $5,148.00. When the seventy mile round trip mileage is added the total annual cost is $7,441.00. The e/c/sa does have a point because the video does not show the claimant to be as bad off as he contends. Nevertheless, one cannot discount the testimony of Ms. Stevens who actually saw his muscle spasms during the time he was getting hydrotherapy at the YMCA. For that reason, her testimony as confirmed by Dr. Flynn is accepted as controlling in this case.
7.One is most reluctant in such situations to require an employer to pay for what to most would seem to be a luxury. At first blush, it would seem much more practical for the claimant to use the heated pool at the University of West Florida which is free and open to the public except when the school is closed for holidays and between terms. Nevertheless, the mileage expense reimbursable by the e/e/sa for daily water therapy would be substantial. Assuming therapy six days a week the annual cost would be $3,538.00 (27 miles X 2 = 54 X 6 = 324 miles per week X 52 weeks = 16,848 miles per year x .21 a mile = $3,538.00). Dr. Flynn also indicated that this long ride to Pensacola would be less aggravating if he could have somebody to drive him to the pool while the claimant reclined in a seat or perhaps laid down. Surely the costs of a chauffeur plus providing a vehicle with a reclining seat would greatly exceed the 21 cents per mile reimbursement cost. There is little doubt if the claimant did reside in Pensacola, near to a facility with a heated pool, it would be unreasonable to require the e/c/sa to pay for the construction and maintenance of a heated pool. However, considering the distances involved and the likelihood the claimant would require a chauffeur driven special vehicle, i.e., limousine or full size car with a reclining seat — the construction of a $8,600.00 vinyl pool is a better solution to this particular claimant’s unique needs. Therefore, the e/c/sa must provide to the claimant with a vinyl heated pool similar to the one described by the witness at an initial cost not to exceed $8,600.00. The e/c/sa must also pay for the cost of operating the pool including fuel for the heater and maintenance. Jurisdiction should be reserved to consider the monthly cost of its operation and maintenance. Incidentally, it would seem to be more than fair to require the claimant to grant the employer a lien for the fair market value of the *271 pool for the expected life of the pool recoverable upon the sale of the claimant’s property. However, no such lien was requested.
The record contains competent, substantial evidence to support the judge’s findings. It is within the judge’s discretion to determine whether the circumstances shown by the evidence were sufficiently unique to warrant the award of the requested pool, and we shall not substitute our judgment for his in the exercise of that discretion. We are unable to conclude on this record that, as a matter of law, the judge abused his discretion in authorizing the pool under the circumstances. See Sacred Heart Hospital v. Grafton, 451 So.2d 1018 (Fla. 1st DCA 1984); Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA), rev. denied 402 So.2d 609 (Fla.1981); Firestone Tire and Rubber Co. v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980).
AFFIRMED.
BOOTH, J., concurs.
NIMMONS, J., dissents with written opinion.