610 So.2d 623 (1992)
BRIGHAM & WINNINGHAM and Aetna Life & Casualty, Appellant,
v.
James MAPES, Appellee.
No. 91-4146.
District Court of Appeal of Florida, First District.
December 14, 1992.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellant.
James R. Hutchens, Sarasota, for appellee.
WIGGINTON, Judge.
Before us is an appeal from the judge of compensation claims' order directing the employer/carrier to provide claimant a mini-van with a lift to accommodate claimant's Pacesaver scooter. We reverse.
We agree with the E/C that the JCC's order awarding the van is not based on competent and substantial evidence establishing that the van is medically necessary, as opposed to its being merely convenient or more beneficial to the claimant. It is not disputed that claimant's scooter and the lift therefor, which is attached to claimant's present automobile, are medically necessary; and the E/C have submitted they would be ready to provide a more mechanically convenient type of lift as well as replace the scooter if it is damaged by the weather. However, despite the JCC's statement that he had "reviewed the uncontroverted recommendation of Dr. Kurzner and the evaluation at the Lucerne Spinal Center," there is no "uncontroverted" testimony by Dr. Kurzner that a van is medically necessary. Rather, it is abundantly clear from the totality of the testimony that a van would be more beneficial to the claimant but not medically necessary  in the sense that the Pacesaver scooter was medically necessary.
As argued by the E/C, where an industrial injury necessitates the modification or substitution of an automobile in order to accommodate a wheelchair or other equipment, such cost may be awarded as "other apparatus" pursuant to section 440.13(2)(a), Florida Statutes; but where the claimant's need is not readily apparent, medical evidence as to necessity must be adduced. Diamond R Fertilizer v. Davis, 567 So.2d 451 (Fla. 1st DCA 1990). In this case, no evidence of medical necessity was presented. Consequently, the JCC erred in awarding the van. See Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988).
*624 Based on the foregoing, the order awarding the van is REVERSED.
ALLEN and WEBSTER, JJ., concur.