Maylond T. Bishop, a paraplegic workers' compensation claimant, requested reimbursement for the purchase price of a Chevrolet van, from the City of Guntersville and the Municipal Compensation Fund (collectively referred to hereinafter as "the City"). The City filed an action for a declaratory judgment in the Marshall County Circuit Court, seeking a determination that it is not obligated to reimburse Bishop for the purchase price of the van. The parties filed a joint stipulation of facts and, after considering briefs and arguments, the trial court issued a final judgment that stated:
 "Able counsel for both sides have briefed the issue involved in the cross motions for Summary Judgment. In essence: is a lift equipped van `other apparatus' and `reasonably necessary' for a worker who has lost complete use of his legs under [§ 25-5-77, Ala. Code 1975)]? No controlling Alabama law is cited. The court could wish the legislature would definitively decide the issue. The court must do the best it *Page 607 
can and hope that the parties will submit the matter to higher tribunals to fully settle the matter. While the question may not arise often, its resolution deeply impacts on the life of the injured worker and could make a substantial dent in the bottom line for the employer. The court feels that the better rule is to require the employer to pay the costs of a lift equipped van, in excess of the cost of a vehicle which would be purchased and used by one occupying the station in life the worker now occupies, given his income as a disabled person. Such a result, however, requires this court to perform a legislative function and create rules from thin air to arrive at a dollar figure it deems just. Such a ruling being improper, this court FINDS, HOLDS and ORDERS that under the stipulations reached in this case, there is no genuine issue as to any material fact and that the defendant/worker is entitled to a judgment as a matter of law. The court finds that such lift equipped van, in this case, is a reasonably necessary apparatus and that the plaintiff/employer is responsible for its costs."
The City appeals, raising two issues: (1) whether the trial court erred in holding that a van or other motor vehicle constitutes a "medical apparatus" within the meaning of §25-5-77(a), Ala. Code 1975; and (2) whether the trial court erred in holding that the purchase of a van was a reasonably necessary medical expense.
On July 16, 1993, Bishop was shot in the back by an assailant during the course of his employment as a police officer with the City of Guntersville. The wound rendered Bishop a paraplegic. The trial court entered judgment on June 16, 1995, finding Bishop totally and permanently disabled and awarding him lifetime workers' compensation benefits in the amount of $328.87 per week. The City was ordered to pay all reasonable and necessary medical expenses incurred by Bishop relating to his injury.
In March 1995, Bishop purchased a 1994 Chevrolet van for $24,500. The City paid for a wheelchair lift to be installed in the van, but it refused to reimburse Bishop for the purchase price of the van claiming it was not a medical expense covered by the Alabama Workers' Compensation Act.
Bishop tendered letters from two physicians specializing in rehabilitative medicine to support his request for reimbursement of the purchase price of the van. Dr. Laura Kezar stated that she was treating Bishop for chronic pain syndrome because of his spinal cord injury. She further stated that his injuries had been complicated by the development of severe overuse syndromes involving the bilateral upper extremities. She also stated that Bishop had recently undergone carpal tunnel release at the right wrist, and that it is "medically necessary that Bishop obtain a van with a wheelchair lift in order to restore his mobility to the highest possible level of independent functioning." Dr. C.T. Huang stated that "as a result of this permanent injury, the patient needs a van for transportation."
We note that the trial court decided this case based on documentary evidence and stipulations by the parties; therefore, we review the trial court's judgment without any presumption of correctness. Crowley v. State Farm Mut. Auto. Ins. Co.,591 So.2d 53 (Ala. 1991); see also Craig Constr. Co. v. Hendrix568 So.2d 752 (Ala. 1990).
Because the basic facts are undisputed, our review of this case focuses on whether the correct legal conclusions have been drawn from the evidence. That determination depends upon the proper construction of § 25-5-77(a).
 "The court's fundamental duty in interpreting a statute is to determine the legislative intent by examining the language used in the statute, as well as the policy to be promoted and the ends sought by the application of the statute. Ex parte Holladay, 466 So.2d 956 (Ala. 1985). The court must interpret provisions of the workers' compensation statute liberally to accomplish its `beneficent purposes, and all reasonable doubts must be resolved in favor of the [worker].' American Tennis Courts, Inc. v. Hinton, 378 So.2d 235, 237
(Ala.Civ.App.), cert. den., 378 So.2d 239
(Ala. 1979)." *Page 608 
Ross v. Ellard Const. Co., 686 So.2d 1190,1192 (Ala.Civ.App. 1996).
Section 25-5-77(a) states, in pertinent part:
 "In addition to the compensation provided in this article and Article 4 of this chapter, the employer, where applicable, shall pay the actual cost of the repair, refitting, or replacement of artificial members damaged as the result of an accident arising out of and in the course of employment, and the employer, except as otherwise provided in this amendatory act, shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably necessary medical and surgical treatment and attention, physical rehabilitation, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus as the result of an accident arising out of and in the course of the employment."
(Emphasis added.)
 I. The Van as an "Other Apparatus"
The City's first argument is that the trial court incorrectly characterized Bishop's van as an "other apparatus under §25-5-77(a), and that the trial court's determination that a van is a medical apparatus or a form of medical treatment reaches beyond the beneficent purpose of the Alabama Workers' Compensation Act.
The scope of a claimant's right to future medical expenses pursuant to § 25-5-77(a) is an issue of first impression for this court. Our research has revealed that most of our sister states have a provision for future medical expenses included in their workers' compensation statutes. These statutes vary widely, and none is identical to § 25-5-77. However, the majority of states with statutes similar to Alabama's have held that a van is a "medical apparatus" when it has been determined to be reasonably and medically necessary. See, e.g., Fla. Stat. Ann. § 440.13(1) (West 1991); Ariz. Rev. Stats. Ann. § 23-1062(A) (1974); W.Va. Code § 23-4-3(a) (1966); Miss. Code Ann. § 71-3-15(1) (1972); Iowa Code Ann. § 85.27 (1997). We consider the decisions of these states for guidance.
Arizona's workers' compensation statute is similar to Alabama's in regard to future medical expenses. Section 23-1062 (A) of the Arizona Revised Statutes states as follows:
 "`Promptly, upon notice to the employer, every injured employee shall receive medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability. Such benefits shall be termed "medical, surgical and hospital benefits."' (Emphasis added)."
Quoted in Terry Grantham Co. v. Industrial Comm.'n, 154 Ariz. 180,183, 741 P.2d 313, 316 (Ariz.Ct.App. 1987).
Bishop relies on Grantham, supra, in support of his contention that a van can be construed as an "other apparatus." In Grantham, the Arizona Court of Appeals adopted the reasoning of the Florida Court in Fidelity and Casualty Co. v. Cooper, 382 So.2d 1331,1332 (Fla.Dist.Ct.App. 1980):
 "`Where an industrial injury necessitated the modification or substitution, of an automobile in order to accommodate a wheelchair or artificial member and to restore in part a claimant's former ambulatory ability, such costs may be awarded as "other apparatus." Walt Disney World v. Morgan, I.R.C. Order 2-3818 (May 22, 1979). (Emphasis added).'"
Grantham, 154 Ariz. at 183, 741 P.2d at 316.
The Grantham Court explained its reliance on cases construing Florida's workers' compensation statutes by stating that the analogous Florida statute, which had been interpreted to allow motor vehicles to be treated as a medical necessity, was no broader than Arizona's statute. Further, the Grantham Court expressly rejected as unpersuasive a line of New York cases relied upon by the City in this case that had held that a motor vehicle is not a medical apparatus under the workers compensation law (e.g., Kranis v. Trunz, Inc., 91 A.D.2d 765, 458 N.Y.S.2d 10
(1982); Decroix v. N. Sumergrade Sons, 20 A.D.2d 735,246 N.Y.S.2d 852 (1964)).
We also note that the Workers' Compensation Act of West Virginia is similar to the *Page 609 
Alabama Act. In Crouch v. West Va. Workers' Comp. Comm'r184 W. Va. 730, 403 S.E.2d 747 (1991), the West Virginia Supreme Court interpleted the West Virginia Workers' Compensation Act:
 "[T]he fact that an automobile is not specifically named in W.Va. Code § 23-4-3(a) does not necessarily preclude its authorization. We believe that an automobile which is a machine, can be interpreted as a `mechanical appliance' under the statute. Moreover, implicit in this statute is the fact that, for a quadriplegic, an automobile capable of transporting the petitioner and the accompanying equipment is more than `reasonably required' to be active in our society. Without adequate transportation, the existence of a claimant handicapped like the petitioner is limited at best."
184 W.Va. at 733, 403 S.E.2d at 750.
Because of the similarity of their statutes and the Alabama statute, we find the reasoning of the Arizona, Florida, and West Virginia cases more applicable to our interpretation of §25-5-77, and we therefore adopt the more open rationale of those cases, rather than the more narrow New York authorities relied upon by the City. The Legislature's reference in § 25-5-77(a) to "other apparatus" can include a specially modified automobile, when a claimant who has received a work-related compensable injury has proved to the trial court that a specially modified motor vehicle is medically necessary. Therefore, we conclude that in the particular circumstances of this case, a specially modified motor vehicle may be determined to be a medical "apparatus" and a form of medical treatment as it relates to a compensable work-related injury.
The City uses the doctrine of "ejusdem generis" to argue that the phrase "other apparatus" must be limited to mean "pure" medical instrumentalities "`Ejusdem generis' is a general principle of statutory construction under which general words, following the enumeration of particular classes of persons or things, are constructed to apply only to persons or things of the same general nature or class as those specifically enumerated."Lambert v. Wilcox County Comm'n 623 So.2d 727, 731 (Ala. 1993) (citing Flav-O-Rich, Inc. v. City of Birmingham, 476 So.2d 46
(Ala. 1985)). However, our Supreme Court in Moore v. City ofMobile, 248 Ala. 436, 440, 28 So.2d 203, 206 (1946), stated:
 "[A]uthorities generally agree that the doctrine of ejusdem generis is far from being one of universal application. It is but a rule of construction to aid in ascertaining and giving effect to the legislative intent where there is uncertainty. If, however, on consideration of the context and whole law upon the subject, and the purposes sought to be effected, it is apparent that the Legislature intended the general words to go beyond the class specifically designated, the rule does not apply. 50 Am. Jur. 246, 248."
In opposition to the City's argument based on "ejusdem generis" is the rule that the Alabama Workers' Compensation Act, being remedial in nature, should be given a liberal construction to accomplish its beneficent purpose and that all reasonable doubts must be resolved in favor of the employee. Riley v. Perkins,282 Ala. 629, 213 So.2d 796 (1968); Lankford v. Redwing Carriers.Inc., 344 So.2d 515 (Ala.Civ.App.), cert. denied, 344 So.2d 522
(Ala. 1977); American Tennis Courts, Inc. v. Hinton,378 So.2d 235 (Ala.Civ.App.), cert. denied 378 So.2d 239 (Ala. 1979). Moreover, in R T Constr. v. Judge, 323 Md. 514, 594 A.2d 99
(1991), the Maryland Court of Appeals held that the doctrine of "ejusdem generis" should not be applied to a workers' compensation statute because the statute "should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes." Id,323 Md. at 529, 594 A.2d at 107.
We decline to limit as a matter of law the term "other apparatus" to include only those prosthetic devices and mechanisms specifically enumerated. Accordingly, we do not accept a narrow reading of § 25-5-77, in light of the beneficent and remedial nature of the Alabama Workers' Compensation Act. DefenseOrdinance Corp. v. England, 52 Ala. App. 565, 295 So.2d 419 (Civ. App. 1974). We do not believe it was the intent of the Legislature to limit medical specialists' discretion in prescribing devices and mechanisms *Page 610 
necessary to a worker's recovery or future livelihood to those it knew existed during a particular legislative session.
We emphasize that Bishop's request for relief is an extraordinary one and that a request such as his is to be granted only in those circumstances when a claimant proves medical necessity. Indeed, the very Florida appellate courts upon which the Grantham court relied have held that a claimant's need for a motor vehicle must be "clearly established." Aino's Custom SlipCovers v. DeLucia, 533 So.2d 862, 865 (Fla.Dist.Ct.App. 1988).See also Brigham Winningham v. Mapes, 610 So.2d 623 (Fla. Dist.Ct.App. 1992); Diamond R Fertilizer v. Davis, 567 So.2d 451
(Fla.Dist.Ct.App. 1990). We likewise adopt this heavy burden of persuasion. In this case, however, we conclude that substantial evidence supports the trial court's findings that Bishop requires the van not solely for transportation needs, as the City argues, but also to relieve his pain and to prevent further injury to his upper extremities as a result of his paraplegia.
 II. The Van as "Reasonably Necessary"
The City next contends that the cost of the van is not a "reasonably necessary" medical expense. This is the second prerequisite under § 25-5-77(a) that an employee must meet to obtain reimbursement for medical expenses. The determination of whether a specially modified motor vehicle can be characterized as "reasonably necessary" under § 25-5-77 is also an issue of first impression for this court.
Several states have held that various items, appliances, and apparatuses analogous to the van in this case are "reasonably necessary" under their workers' compensation statutes. SeePhillips Petroleum Co. v. Carter, 914 P.2d 677 (Okla.Ct.App. 1995); Manpower Temporary Services v. Sioson, 529 N.W.2d 259
(Iowa 1995); and Quaker Oats Co. v. Ciha, 552 N.W.2d 143 (Iowa 1996). Previous Alabama decisions have grappled with the concept of "reasonable necessity" under § 25-5-77 as it relates to future "pure" medical expenses. These cases generally concern contests over medical and psychiatric treatment expenses. SeeHollar Oil Co. v. Bryant, 644 So.2d 954 (Ala.Civ.App. 1994);Acustar, Inc. v. Staples, 598 So.2d 943 (Ala.Civ.App. 1992); Lowev. Walters, 491 So.2d 962 (Ala.Civ.App. 1986); Fruehauf Corp. v.Prater, 360 So.2d 999 (Ala.Civ.App. 1978), cert. denied,360 So.2d 1003 (Ala. 1978); Carroll Constr. Co. v. Hutcheson,347 So.2d 527 (Ala.Civ.App. 1977). Our research has not disclosed any Alabama case law considering the reasonable necessity of items that are not "purely" medical.
However, a cursory review of authority from other jurisdictions discloses several cases in which courts have found the costs of items that are not "purely" medical to be "reasonably necessary" medical expenses under the particular facts presented. For example, the Florida courts have held that such items as a swimming pool, swimming pool repairs, air conditioning, nursery school care, and lawn care are medically and reasonably necessary. See Haga v. Clay Hyder Trucking Lines, 397 So.2d 428
(Fla.Dist.Ct.App. 1981); Escarnbia Co. Bd. of Comm'rs v. Phipps,553 So.2d 269 (Fla.Dist.Ct.App. 1989); Cover v. TG Y,377 So.2d 792 (Fla.Dist.Ct.App. 1979); Butler v. Lanzo Construction Co.,509 So.2d 965 (Fla.Dist.Ct.App. 1987); Doctors Hospital of LakeWorth v. Robinson, 411 So.2d 958 (Fla.Dist.Ct.App. 1982);Frederick Electronics v. Pettijohn, 619 So.2d 14
(Fla.Dist.Ct.App. 1993).
In this case, a letter from Dr. Kezar, dated July 14, 1995, showed that Bishop had recently undergone carpal tunnel release at the right wrist. Dr. Kezar also stated that Bishop's problems were a direct result of his spinal cord injury, and that she and Dr. Huang had agreed that it was medically necessary for Bishop to obtain a van with a wheelchair lift. Additionally, Dr. Kezar stated that the van was needed to "restore [Bishop's] mobility to the highest possible level of independent functioning." In light of our duty to liberally construe the Act, we conclude that the trial court did not abuse its discretion in finding that the van is a reasonably necessary medical expense pursuant to §25-5-77.
With respect to the dissent's invitation to adopt a method of calculation which would *Page 611 
deduct the expense of Bishop's mode of transportation before the accident, we note the complete formula applied in Crouch, supra, which the dissent omits:
 "This is not to say, however, that the petitioner is awarded the full cost of the van. From the petitioner's own testimony, the petitioner and his family would have owned an automobile regardless of his injury. therefore, the cost of an average, mid-price automobile, of the same year as the purchased van, must be deducted from the cost of the converted van."
403 S.E.2d at 751 (emphasis added). The facts in Crouch do not parallel the record before this court; therefore, Crouch does not support the result advocated by the dissent. The record contains no evidence showing that Bishop would have owned an automobile regardless of his injury; the only mention of this point before this court is in the City's brief, which refers to Bishop as "an employee who himself did not own any vehicle prior to his accident. . . ." Accordingly, even if the rationale of Crouch
were applied to this case, it would support the trial court's judgment.
Based upon the foregoing evidence and authorities, we conclude that the trial court's judgment is due to be affirmed. We emphasize that only extreme cases of disability warrant such extraordinary relief. There was substantial evidence for the trial court to determine that the van is an "other apparatus" and that its cost is a reasonably necessary medical expense; therefore, we affirm the trial court's judgment ordering the City to reimburse Bishop for the purchase price of the lift-equipped van.
AFFIRMED
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.